INHABITANTS OF VASSALBORO' *vs.* JOHN R. SMART.

Kennebec.    Opinion October 31, 1879.

*Statute 1874, c. 232.    Taxes—collection of by suit.    Declaration.*

Where in an action of debt brought under statute 1874, c. 232, no facts are alleged from which it appears that the defendant was liable to taxation in the plaintiff town for the years during which the taxes were assessed, the declaration is bad on demurrer. *York* v. *Goodwin,* 67 Maine, 260 re-affirmed.

ON EXCEPTIONS, from the rulings of the superior court for Kennebec county.

Action of debt to recover unpaid taxes for the years 1873-4-5, according to the account annexed, the balance alleged to be due being $23.88. Date of writ August 19, 1878. The defendant filed a general demurrer to the declaration which was joined. The

presiding judge sustained the demurrer and adjudged the declaration bad.   To which ruling the plaintiff alleged exceptions.

The declaration was as follows : "In a plea of debt.   For that whereas, the said defendant on the first day of August, A. D., 1878, at said Vassalboro', to wit: at Augusta, in said county, was indebted to the plaintiffs in the sum of $23.88, according to the account annexed, for taxes, duly assessed by the assessors of said town of Vassalboro' against said defendant for the years 1873, 1874 and 1875, as specified in said account annexed, and legal interest on said taxes to be paid to the plaintiffs by said defendant, which sum remaining unpaid by the said defendant, an action hath accrued to the plaintiffs by force of the statute in such case made and provided to demand and recover of said defendant the said sum.

The plaintiffs aver that the payment of said taxes and interest was duly demanded of the defendant on the first day of August, 1875, or before the bringing of this action.   To the damage," etc.

*H. A. Priest*, for the plaintiff.

*E. W. Whitehouse*, for the defendant.

SYMONDS, J.   This action of debt is brought under the following provision of chapter 232 of the public laws of 1874 : "In addition to the methods now provided by law for the collection of taxes legally assessed in towns, against the inhabitants thereof, or parties liable to taxation therein, an action of debt may be commenced and maintained in the name of the inhabitants of any town to which a tax is due and unpaid, against the party liable for such tax."

The case is before this court on exceptions to the ruling in the superior court for Kennebec county, adjudging the declaration bad on general demurrer.

The declaration does not aver that the defendant was ever a resident or property-owner in Vassalboro'.   No fact is alleged from which it appears that he was liable to taxation in that town, unless it is to be inferred from the averment of his indebtment to the town for taxes duly assessed.

We do not regard it as within the rules of pleading to hold that

the allegation of the due assessment of a tax includes an averment of the existence of the facts which create a liability to taxation. The words "legally assessed" in the statute are quite as broad as the words "duly assessed" in the declaration. But the statute declares that it is against the inhabitants of towns, or parties liable to taxation therein, that an action of debt may be brought for taxes legally assessed. The plaintiff's declaration in this respect fails to bring the case within the terms of the statute, on which it is based. An assessment may be in due form and yet create no legal liability. A non-resident, owning no property in a town, may rightfully resist the payment of taxes there, though no fault appears in the manner of making the assessment. The liability to taxation, and the regularity of the assessment, are distinct elements in the plaintiff's case.

It is unnecessary to consider the other objections to the declaration. The case of *York* v. *Goodwin*, 67 Maine, 260, shows very clearly what the court regard as a sufficient declaration in this class of actions.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.